JOANOS, Judge.
This is an appeal from an order modifying an order adjudicating appellant a delinquent child, and committing her to the custody of the Department of Health and Rehabilitative Services (HRS). The issue presented is whether the trial court erred in placing appellant on community control after her release from commitment, when such disposition was not ordered in the original commitment proceeding. We affirm.
On July 3, 1989, a petition for adjudication of delinquency was filed charging that appellant escaped or attempted to escape while being transported from Broward Control Treatment Center. Appellant pled guilty to the escape charge and was adjudicated delinquent. An order of adjudication and commitment filed December 12, 1989, committed appellant to the custody of HRS for an indeterminate term, not to exceed her nineteenth birthday or the maximum allowed by law.
Early in 1990, appellant was transferred to Duval County. A behavior summary prepared in connection with appellant’s April 16, 1990 re-commitment to the Jacksonville re-entry program recited instances of appellant’s unacceptable behavior and failure to cooperate with her counselors. The summary contained a recommendation that appellant be returned to community control as early as June 20, 1990, on grounds that she had failed to participate in counseling as ordered by the judge, failed to obey her curfew, failed to attend school, and failed to abide by other rules of the re-entry program.
A hearing was held July 17, 1990, on the question of imposition of community control following discharge from commitment. At the hearing, appellant’s counsel argued that placing appellant on community control after the final judgment of commitment would constitute an improper increase in punishment. The subsequent modification order dated July 19, 1990, ordered modification of the December 1989 commitment order to provide that jurisdiction was retained placing appellant on community control following her discharge from commitment status. The special conditions of community control imposed by the modification order required appellant to (1) obey the reasonable rules and regulations of her custodian and assigned HRS counselor, (2) participate in counseling as recommended, and (3) not run away or leave placement without permission.
The essence of appellant’s primary argument is that absent an express statement of retention of jurisdiction or a provision for community control in the original commitment order, the juvenile court lacks jurisdiction to modify a commitment order once a child has been committed to HRS custody. Appellant further contends that community control is a separate disposition from community-based sanctions, in that community control must be ordered in the original commitment order, while community-based sanctions may be imposed at the disposition hearing or any time prior to release from commitment.
The juvenile court judge cited section 39.09(3)(e), Florida Statutes, as authorizing placement of appellant on community control prior to her release from commitment. Section 39.09(3)(e) provides in part:
... If the court decides to commit a child to the department, the department shall furnish the court, in order of the preference of the department, a list of not less than three options for. programs in which the child may be placed. The court shall rank the options presented by the department in order of the preference of the court. The recommendation of the court shall be reviewed by the department and shall be given primary consideration.... The recommendation of the court shall be followed if the commitment resource is available. The court may also require that the child he placed in a community control program following the child’s discharge from commitment. Community-based sanctions may be imposed by the court at the disposition hearing or at any time prior to the *466 child’s release from commitment. Community-based sanctions may include, but are not limited to, rehabilitative restitution; curfew; revocation or suspension of the driver’s license of the child; community service; the limitation of the child from nonessential activities or privileges; or other appropriate restraints on the child’s liberty. (Emphasis supplied.)
“Community control” is defined in section 39.01(12), Florida Statutes (1989), as:
... the legal status of probation created by law and court order in cases involving a child who has been found to have committed a delinquent act. Community control is an individualized program in which the freedom of the child is limited and the child is restricted to noninstitutional quarters or restricted to the child’s home in lieu of commitment to the custody of the department in a training school, halfway house, or other residential program of the department.
Section 39.11, Florida Statutes (1989), sets forth the juvenile court’s powers of disposition of a child adjudicated as having committed a delinquent act. Section 39.11 provides in part:
(1) When any child is adjudicated by the court to have committed a delinquent act, the court having jurisdiction of the child shall have the power, by an order in which is stated the facts upon which a determination of a sanction and rehabilitative program was made at the disposition hearing, to:
(a) Place the child in a community control program under the supervision of an authorized agent of the department ... either in the child’s own home or, if the prospective custodian is willing, in the home of a relative of the child or in some other, suitable place under such reasonable conditions as the court may direct. A community control program is as defined in s. 39.01(12) and shall include a penalty such as restitution, curfew, revocation or suspension of the driver’s license of the child, or other nonresidential punishment appropriate to the offense and a rehabilitative program.... (Emphasis supplied.)
[[Image here]]
(3) Any order made pursuant to subsection (1) may thereafter be modified or set aside by the court.
(4) Any commitment of a delinquent child to the department shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment which an adult may serve for the same offense.... Under no circumstances shall the court have authority over the discharge of a child from commitment provided in this subsection unless the court, in its commitment order, states that it retains such authority. (Emphasis supplied.)
[[Image here]]
(8) The court upon motion of the child, or upon its own motion, may within 60 days after imposition of a disposition of commitment suspend the further execution of the disposition and place the child on probation in a community control program upon such terms as the court may require....
A careful reading of the applicable statutory provisions demonstrates the propriety of the modification order issued in this case. Section 39.09(3)(e) provides that the court may require that a delinquent child “be placed in a community control program following the child’s discharge from commitment.” (Emphasis supplied.) Section 39.11(4) provides that the court shall have no authority “over the discharge of a child from commitment provided in this subsection unless the court, in its commitment order, states that it retains such authority.” The modification order in this case did not purport to discharge the child from HRS commitment status. Rather, the modification order, which issued while appellant was still in HRS custody, directed that she be placed on community control following her discharge from HRS commitment status. Pursuant to section 39.-09(3)(e), the juvenile court judge had authority to place appellant in a community control program at any time prior to her discharge from HRS commitment status.
*467 Appellant’s second challenge to the modification order raises a double jeopardy argument, predicated on the theory that a change in appellant’s status from HRS commitment to community control constitutes an additional sanction. Such is not the case. Community control in the context of the “Florida Juvenile Justice Act” is a form of supervised probation, in noninsti-tutional quarters. § 39.01(12), Fla.Stat. (1989). In other words, in juvenile proceedings, community control in the juvenile area is a less restrictive status than commitment to HRS.
The original commitment order in this case committed appellant to HRS custody for an indeterminate term not to exceed her nineteenth birthday or the maximum allowed by law, which in this case would be five years.[1] The modification order makes no change in the length of appellant’s commitment. Rather, the order provides that at such time as HRS decides to discharge appellant from commitment status, she will be placed on community control status, i.e., superviséd probation in noninstitutional quarters. Thus, the modification of appellant’s status with HRS constitutes a change to a less coercive, noninstitutional supervision, rather than two separate forms of punishment.
Accordingly, the modification order placing appellant on community control following her discharge from commitment status is affirmed.
ZEHMER, J., and CAWTHON, Senior Judge, concur.

. Appellant pled guilty to escape, a third degree felony, § 63.112, Fla.Stat. (1989), which carries a maximum penalty of imprisonment for five years. § 775.082(3)(d), Fla.Stat. (1989).